**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

THEODORE BANKS, in his )
Individual capacity and derivatively on )
behalf of Nominal Defendant, )
BEAR TRAP SPIRITS, INC., )
                                                )
           Plaintiff, )
                                                )
           v. )           C.A. No. 2021-0948-NAC
                                                )
KAMI BANKS KANE, )
MACKIE BANKS, and )
MTK REAL ESTATE, LLC, )
                                                )
           Defendants, )
                                                )
           and )
                                                )
BEAR TRAP SPIRITS, INC., )
A Delaware Corporation, )
                                                )
           Nominal Defendant. )

**ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS
TO A MOTION FOR SUMMARY JUDGMENT**

WHEREAS:

1.      This case involves a family-owned business. Plaintiff alleges that Defendants (his mother and sister) engaged in inequitable conduct to defraud him of ownership interests in the business that were devised to him under his father's will.

2.      Defendants have moved under Rule 12(b)(6) to dismiss the complaint on 15 grounds (the "Motion"). In support of the Motion, Defendants have filed a brief that contains a section titled as "Statement of Facts." The title is misleading,

because the Statement of Facts describes events that are not alleged in the complaint. Indeed, the Statement of Facts does not cite to the complaint at all. Instead, the Statement of Facts is based on 14 exhibits[1] that Defendants attached to the Motion. The exhibits include:

- receipts for the rental of multiple portable toilets;
- an inverted image captured by a surveillance camera;
- documents related to the sale of a boat;
- invoices for the installation of audio equipment in someone's car;
- a photo of a computer screen displaying an unidentified transaction; and
- a text message wishing the recipient a happy birthday.[2]

Defendants also request fee-shifting. *See* Dkt. 34 at 40–41.

3. The Motion preceded a motion styled as one "for sanctions and to strike" the complaint pursuant to Rule 11 (the "Rule 11 Motion"). Dkt. 38. Through the Rule 11 Motion, Defendants claimed that the complaint made "factual misrepresentations." *Id.* ¶ 4. As support for this accusation, Defendants cited the "facts" in the same exhibits that were attached to the Motion. Among other relief, Defendants requested that the complaint be "dismissed in [its] entirety." *Id.* (Prayer). Again, Defendants requested fee-shifting. *Id.* ¶ 6. Defendants eventually withdrew the Rule 11 Motion, conceding that it was improperly filed. Dkt. 40.

---

[1] Defendants attached 16 exhibits to their motion. *See* Dkt. 34. Plaintiff challenges 14 of them. Dkt. 35 at 2.

[2] *See* Exs. F, H, J, L, O–P to Dkt. 34.

4. On November 17, 2022, I heard oral argument on the Motion. The Motion is now ripe for decision.

NOW, THEREFORE, the Court having carefully considered the Motion, and the parties' written and oral arguments, IT IS HEREBY ORDERED, this 17th day of February 2023, as follows:

1. "Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss." *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995). Presentation of matters outside the pleadings invites consideration of matters outside the pleadings. Acceptance of that invitation generally results in conversion of the motion to dismiss to a motion for summary judgment. *See* Ct. Ch. R. 12(b). And conversion to a motion for summary judgment typically results in discovery. *See, e.g.*, *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

2. The Motion is based entirely on 14 exhibits that are not pleaded or referenced in the complaint. Those exhibits, in turn, embed numerous separate documents, including tax maps, W-2 forms, bank statements, personal checks, contractor bills, corporate minutes, letters, and e-mails. "When a Rule 12(b)(6) motion depends on a large volume of documents outside of the pleadings, chances are that the movant has not applied the pleading standard faithfully and is effectively pursuing a motion for summary judgment." *Totta v. CCSB Fin. Corp.*, 2021 WL

3

4892218, at *3 (Del. Ch. Oct. 20, 2021) (converting Rule 12(b)(6) motion to Rule 56 motion). "That tactical choice has consequences." *Acero Cap., L.P. v. Swrve Mobile, Inc.*, 2021 WL 2207197, at *2 (Del. Ch. June 1, 2021) (converting Rule 12(b)(6) motion to Rule 56 motion). The consequence here is that the Motion will be converted to a motion for summary judgment. Accordingly, the Motion will be deferred until the parties have had the opportunity to take discovery.[3]

3.    To resist this result, Defendants try to characterize their exhibits as "integral" to the complaint. Dkt. 37 at 4–5. It is true that, for certain purposes, extraneous but integral documents may be considered on a motion to dismiss. *See, e.g.*, *Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020). But a document generally is not considered "integral" unless "it is the source for the facts as pled in the complaint." *In re Gardner Denver, Inc. S'holders Litig.*, 2014 WL 715705, at *3 (Del. Ch. Feb. 21, 2014) (cleaned up). Here, none of Defendants' 14 exhibits is the source of the complaint's allegations. To the contrary, Defendants' exhibits are the source of "facts" comprising the counternarrative told in the Motion.

4.    Defendants alternatively suggest that I need not convert the *entire* Motion because their exhibits are integral to at least *some* of Plaintiff's claims. Dkt.

---

[3] This includes Defendants' challenge to Plaintiff's "standing" as a "remainder beneficiary." Dkt. 34 at 18. Defendants' argument involves merits-based issues of Plaintiff's recovery, not jurisdictional issues of justiciability. So "standing" will be considered along with the rest of the arguments in Defendants' (deferred) Rule 12(b)(6) motion. *See Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1284–85 (Del. 2007).

37 at 5; *see also* Dkt. 34 at 17. But this position would require me "to wade through the [D]efendants' voluminous submissions[] to search for arguments or subarguments that could be decided on the basis of the well pleaded facts of the complaint alone." *Black v. Gramercy Advisors, LLC*, 2007 WL 2164286, at *1 (Del. Ch. July 23, 2007). I have "no obligation to undertake [that] painstaking task." *Totta*, 2021 WL 4892218, at *3. After all, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). My attempts to decipher Defendants' various disjointed documents—while assessing their 15 independent grounds for dismissal—already has cost me too many hours of scarce judicial resources. *See Deane v. Maginn*, 2017-0346-LWW (Del. Ch. Oct. 29, 2021) (TRANSCRIPT) (converting Rule 12(b)(6) motion to Rule 56 motion due, in part, to the excessive time that would be spent trying to "make sense" of the movant's documents). So I will not "pick through" Defendants' "huge pile of exhibits" anymore. *Lavi v. Wideawake Deathrow Ent., LLC*, 2011 WL 284986, at *1 (Del. Ch. Jan. 18, 2011) (Strine, V.C.) (denying as "procedurally defective" a motion to dismiss filed "in the guise" of a summary judgment motion).

5. My analysis here is likely further colored by the fact that this is not the first time Defendants filed a procedurally improper motion. After filing the Motion, Defendants filed the Rule 11 Motion. Read charitably, the Rule 11 Motion was a second motion to dismiss the same complaint. *See* Dkt. 38 (requesting, among other

relief, that the complaint be "dismissed in [its] entirety"). Given its reliance on the Motion's exhibits, it also was effectively a second motion for summary judgment. Indeed, the Rule 11 Motion did little more than reassert the Statement of Facts. And it did not identify a "factual misrepresentation" either. Contrary to Defendants' suggestions, a complaint does not "misrepresent" facts simply because the complaint does not adopt an opposing party's version of the events. Plaintiff has his version and Defendants have theirs. That is how litigation works.

6. Defendants ultimately withdrew the Rule 11 Motion as "prematurely" filed. Dkt. 40. When asked if it also was withdrawn as legally frivolous, Defendants' counsel stated "not necessarily" without elaborating further. *See* Dkt. 41 at 17:17–21.

7. Ironically, both of Defendants' motions requested fee-shifting under the bad faith exception to the American Rule. *See* Dkt 34. at 40–41; Dkt. 38 ¶ 6. Defendants and their counsel should be advised that I may consider an appropriate request from *Plaintiff* for fees if Defendants' conduct recurs.[4] For now, the parties shall submit for the Court's approval a joint schedule governing discovery and summary judgment briefing. The proposed schedule should be submitted within 30 days unless the parties otherwise agree.

*/s/ Nathan A. Cook*
Vice Chancellor Nathan A. Cook

---

[4] This possibility was telegraphed during oral argument. *See* Dkt. 41 at 17:22–18:1.